Filed 6/29/16  P. v. Petrosyan CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANDRE PETROSYAN,<br><br>    Defendant and Appellant. | B263404<br><br>(Los Angeles County<br>Super. Ct. No. BA428778) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Katherine Mader, Judge.  Affirmed.

Cyn Yamashiro, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Andre Petrosyan was charged with two felonies—criminal threats (Pen. Code, § 422, subd. (a))[1] and dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1))—and misdemeanor sexual battery (§ 243.4, subd. (e)(1)). The jury found him not guilty on the felonies and guilty on the misdemeanor charge. He was sentenced to time served of 365 days in jail (he was serving time on another case). Appellant contends the evidence was insufficient to support the jury's verdict on his misdemeanor conviction. We affirm.

**FACTS**

On August 20, 2014, at approximately 8:50 a.m., Jessica R. (the victim) was standing at a bus stop on Whittier Boulevard in Los Angeles County. When she saw appellant, he was less than two feet away. The victim is approximately four feet four inches tall, and appellant is approximately five feet six inches tall. They were the only two people at the bus stop, and there was no one else on the street.

Appellant stood in front of the victim and asked her, "[H]ow old are you? You have kids? Or are you married?" The victim lied and told appellant that she was married and pregnant. She took one step away from appellant and did not make eye contact with him because she was scared. Appellant then asked her, "[D]oes your husband lick your vagina? Does he finger your vagina? What does he do to you?" A "pretty strong" smell of alcohol came from appellant's breath and his speech was slurred.

Appellant then came within inches of her chest. She did not step away because she was scared. When appellant "got real close," she felt pressure as "if his hands touched [her]" or "something touched [her]." She felt the pressure on the bottom half of her breasts, and she did not feel pressure anywhere else on her body. She did not see appellant's hands and she did not know what appellant used to apply pressure. His hands were below her head. At the time she felt the pressure on her breasts, appellant's eyes were directed at her breasts.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

Seconds later, appellant stepped away from her and said something like, "If you scream or say anything, something is going to happen to you." Appellant made such a statement twice. Appellant walked away and the victim lost sight of him.

## DISCUSSION

In reviewing a sufficiency of the evidence claim, we examine the evidence in the light most favorable to the judgment, to see if there is substantial evidence from which any rational trier of fact could find each element of the crime beyond a reasonable doubt. (*People v. Staten* (2000) 24 Cal.4th 434, 460.) "The reviewing court presumes in support of the judgment the existence of every fact the jury could reasonably deduce from the evidence. [Citations.]" (*People v. Bloom* (1989) 48 Cal.3d 1194, 1208.) The standard of review is the same in cases in which the prosecution relies mainly on circumstantial evidence. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.)

Misdemeanor sexual battery occurs when a person "touches an intimate part of another person, if the touching is against the will of the person touched, and is for the specific purpose of sexual arousal, sexual gratification, or sexual abuse." (§ 243.4, subd. (e)(1).) "'[T]ouches'" means "physical contact with another person, whether accomplished directly, through the clothing of the person committing the offense, or through the clothing of the victim." (§ 243.4, subd. (e)(2).) "'Intimate part'" includes "the breast of a female." (§ 243.4, subd. (g)(1).)

Appellant concedes that section 243.4 does not require that a defendant use a specific body part to accomplish the unwanted touching. But he argues that because the victim could not state which part of his body touched her breasts, the jury could not determine if the touching was merely inadvertent or if it was done with the requisite intent. He therefore claims the prosecution did not prove all of the elements of sexual battery.

We find there was sufficient evidence of the requisite intent. Appellant approached the victim at a bus stop while she was alone and no one else was around. While standing within two feet of her, he asked her if she was married with kids. He then asked her vulgar questions of a sexual nature. When he then came within inches of her

3

chest, she felt pressure on the underside of her breasts, as "if his hands touched [her]" or "something touched [her]." She did not feel pressure anywhere else on her body. While she was feeling the pressure, appellant's eyes were directed at her breasts. Seconds later, appellant twice told appellant something would happen to her if she screamed or said anything, before he walked away. This evidence was sufficient to support a finding that appellant touched the bottom half of the victim's breasts for the purpose of sexual arousal or gratification.

To the extent appellant suggests he was too intoxicated to form the requisite intent, we reject this notion. Some level of impairment from drug or alcohol consumption does not necessarily establish an intoxication defense; rather, the impairment must be severe enough that it affects the defendant's state of mind. (See *People v. Marshall* (1996) 13 Cal.4th 799, 848.) "Evidence of intoxication, while legally *relevant*, may be factually unconvincing. '[A]s with any evidence, the jury may give this testimony whatever weight it deems appropriate in light of the evidence as a whole.'" (*People v. Mendoza* (1998) 18 Cal.4th 1114, 1134.) Here, the evidence does not compel the finding that appellant was so intoxicated he could not formulate sexual intent. Not only did appellant approach the victim as she stood alone at a bus stop, make vulgar sexual statements to her when she rebuffed his advances, and look at her breasts as he applied pressure to them, he also had the wherewithal to threaten her twice as he fled.

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
    ASHMANN-GERST


We concur:


_____, P. J.
    BOREN


_____, J.
    HOFFSTADT